UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION


CHIDI E. OKEKE                                                          PLAINTIFF

V.                                              CIVIL ACTION NO. 3:15cv455-DPJ-FKB

AMERICAN EXPRESS CO. and
JOHN DOES 1-5                                                          DEFENDANTS

ORDER

        This credit-card dispute is before he Court on Defendant American Express Co.'s Motion

to Dismiss [4].  Having duly considered the premises, the Court concludes that the Motion

should be granted, but that Plaintiff should be given an opportunity to seek leave to amend.

I.        Introduction

        In his Complaint, Plaintiff Chidi E. Okeke brings claims for breach of contract and

negligence against Defendant American Express Co., ("American Express").  In general terms,

Okeke states that he made two payments toward his balance in October 2013, that the second

payment was returned for insufficient funds, that at some undefined time he received notice that

his "balance was clear and that all late fees would be waived," and that in February of the

following year his account was past due and therefore suspended.  *See* Compl. [1-1] ¶¶ 9  14.

Aggrieved, Okeke sued American Express in state court for breach of contract and negligence.

        American Express removed the case to this Court and now moves to dismiss under

Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  Plaintiff responded in

opposition (after some prodding by the Court).  His response [10] alleges new and distinct facts,

cites new record evidence, and raises new claims.  The Court has personal and subject-matter

jurisdiction.

II.     Standard

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To overcome a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (citations and footnote omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged    but it has not 'show [n]'   'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (citing *Twombly*, 550 U.S. at 556).

2

When, as here, a party represents himself, the complaint is "held to less stringent standards than formal pleadings drafted by lawyers." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir.1981)) (internal quotation marks omitted). But "regardless of whether the plaintiff is proceeding pro se or is represented by counsel, 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Id.* (citation and quotation marks omitted).

Finally, it is important to note that "[t]he court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). In this case, Plaintiff's Complaint references the Cardmember Agreement but does not attach it. Defendant provided that document with its motion, and the Court is free to consider it. *Id.* The Court may not, however, consider the new facts, claims, and documents Plaintiff provided in opposition to the Motion to Dismiss. *Id.*

III.    Analysis

A.    Defendant's Motion

Okeke's Complaint is better than some *pro se* efforts, but as American Express notes, it still lacks a plausible claim. As pleaded, the Complaint asserts claims based on breach of contract or negligence. Neither is plausible at this point.

Starting with the contract claim, the Complaint   when stripped of conclusory allegations   merely asserts that Okeke made one valid payment in October 2013, was told at

3

some point that he was current, but American Express then suspended the account in February 2014 because it was past due. *See* Compl. [1-1] ¶¶ 10  14.  Aside from the lack of any asserted facts suggesting that the account was current in February 2014, American Express could have suspended the account even if it was.  The Cardmember Agreement expressly states that American Express had the unilateral right to "cancel your Account [or] suspend the ability to make charges . . . at our discretion, even if you pay on time and your Account is not in default." Def.'s Mot., Ex. 1 [3-1] at 8.  Thus, even taking everything Okeke pleads as true, suspending his account did not breach the agreement.

As for negligence, there are no duties reflected in the Complaint apart from those American Express assumed by contract.  Moreover, there are no pleaded facts showing that American Express breached any duties (contractual or otherwise) with respect to Okeke's account.

Okeke apparently recognizes this deficiency in his original Complaint and offers a litany of new facts and claims.  First, he contends that he is asserting claims based on "(1) unfair debt collection practices (2) breach of contract (3) unfair credit reporting practices as well as negligence."  Pl.'s Resp. [10] at 1.  Second, Okeke asserts new facts regarding American Express's collection efforts and reporting practices.  *Id.* at 1  2.  Neither these assertions nor the two new claims are properly before the Court because Rule 12(b)(6) motions are decided based on what was actually pleaded.  Accordingly, the Complaint fails to state a plausible claim for breach of contract or negligence.

B.      Amendment

The Fifth Circuit Court of Appeals has held that "a plaintiff's failure to meet the specific

pleading requirements should not automatically or inflexibl[y] result in dismissal of the

complaint with prejudice to re-filing." *Hart v. Bayer Corp*., 199 F.3d 239, 247 n.6 (5th Cir.

2000) (citation omitted).  This Court believes that the rule is especially true with *pro se* plaintiffs.

Thus, while "a court may dismiss the claim, it should not do so without granting leave to amend,

unless the defect is simply incurable or the plaintiff has failed to plead with particularity after

being afforded repeated opportunities to do so." *Id.*

At least one of the pleaded claims would be futile.  To the extent Okeke claims that

American Express breached the Cardmember Agreement by suspending his account, the

agreement gave American Express that right even if the account was current.  *See* Def.'s Mot.,

Ex. 1 [3-1] at 8.  That claim is therefore dismissed with prejudice.

But the Court is not at this point willing to find Okeke's case incurable.  It may be that his

new facts and claims, if properly pleaded, might survive a Rule 12(b)(6) motion.  It is likewise

possible that they too would fall short.  It is simply too early to say because American Express

understandably elected to ignore the new and improperly pleaded accusations and claims.

Because American Express has not yet challenged the new claims, the Court will not

construe Okeke's response as a motion to amend.  Instead, Okeke will be given an opportunity to

file a motion to amend the Complaint, and American Express will then have an opportunity to

oppose the motion on futility grounds    if appropriate.

Okeke is advised that the motion to amend should include a proposed amended

complaint.  Okeke is further advised to consider the deficiencies Defendant noted in its briefs and

5

provide sufficient *factual* detail that allows the Court determine whether he has stated a plausible claim for relief.  Statements such as "Defendant was negligent in the following particulars, including but not limited to do what a reasonable, prudent business would have done under the circumstances," Compl. [1-1] ¶ 19, are mere conclusions that the Court must ignore.  *Iqbal*, 556 U.S. at 678.

IT IS, THEREFORE, ORDERED that American Express's Motion to Dismiss [3] is granted, but that Okeke is given fourteen (14) days from the date of this Order to file a motion seeking leave to amend.  The deadline for response and reply, if applicable, will be determined by the Uniform Local Rules.

**SO ORDERED AND ADJUDGED** this the 13th day of November, 2015.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE